IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:14-cv-105-O |
| § | |
| JOSEPH ZADEH, § | |
| § | |
| Respondent. § | |
| § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* Findings, Conclusions, & Recommendation ("FCR"), ECF No. 36. The Magistrate Judge recommended that the Court grant the Government's petition for an administrative subpoena and deny Respondent's motion to dismiss. Respondent objected,[1] and the Government responded to those objections. *See* Resp't's Objections, ECF Nos. 39-40; Pet'r's Resp., ECF No. 46. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Anything not specifically objected to is reviewed for clear error.

**I.  BACKGROUND**

The United States Drug Enforcement Agency ("DEA") is currently conducting an investigation concerning possible violations of the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801-971, by Respondent. Pet. Enforce Subpoena ¶ 5, ECF No. 1. Respondent, Dr. Joseph Zadeh ("Respondent" or "Dr. Zadeh"), is a DEA registrant who is permitted to prescribe controlled

---

[1] The Court also considers Respondent's Notice of Errata. *See* ECF No. 45.

substances in Schedules II-V as defined by the CSA. *Id.* at ¶ 4. On November 25, 2013, the DEA issued a subpoena ("the Subpoena") to Respondent under 21 U.S.C. § 876(a), seeking the production of 67 specific patient files for the period between October 1, 2012, and November 25, 2013. *Id.* at ¶ 7. When Dr. Zadeh did not comply with the subpoena, the United States sought enforcement through the instant Petition pursuant to 21 U.S.C. § 876(c) on February 13, 2014. *Id.* at ¶ 8.

On April 24, 2014, Dr. Zadeh filed both a motion to dismiss and a response to the Government's Petition. *See* Resp't's Mot. Dismiss, ECF No. 12; Resp't's Resp., ECF No. 13. Respondent contends that enforcement of the subpoena is barred because (1) the subpoena itself is insufficient; (2) Texas law prevents Dr. Zadeh from making the disclosures; and (3) the Fourth Amendment to the United States Constitution prevents Dr. Zadeh from making the disclosures. *See* Resp't's Mot. Dismiss, ECF No. 12. On December 3, 2014, the United States Magistrate Judge entered his findings of fact, conclusions of law, and recommendation that the Government's Petition to Enforce the DEA's Administrative Subpoena be granted and that Respondent's Motion to Dismiss be denied. *See* FCR 20, ECF No. 36. On January 7, 2015, Dr. Zadeh filed his objections. *See* Resp't's Objections, ECF Nos. 39-40.

## II.  LEGAL STANDARDS

Respondent makes the following objections: (1) the Magistrate Judge adopted improper procedural standards for reviewing the Government's Petition and Respondent's Motion to Dismiss; (2) the Magistrate Judge incorrectly considered the absence of evidence relating to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d -1320d-9; (3) the Magistrate Judge was incorrect in determining that the Texas Occupations Code was preempted by federal law; (4) the Magistrate Judge applied an improper analysis in testing the Subpoena against

the Fourth Amendment; and (5) the Magistrate Judge's adoption of the Government's limitations on the Subpoena results in the Subpoena being overly broad. *Id.* The Court starts its review by determining the proper legal standards for each of Respondent's objections, beginning with the proper procedural standard for administrative subpoenas.

### A. Standard for Enforcing Administrative Subpoenas

When a district court is asked to enforce an administrative subpoena, the "court's role is limited to evaluating (1) whether the subpoena was issued for a lawful purpose within the statutory authority of the issuing agency; (2) the documents requested are relevant to that purpose; and (3) the subpoena demand is reasonable and not unduly burdensome." *Winters Ranch P'ship v. Viadero*, 123 F.3d 327, 329 (5th Cir. 1997); *accord United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 488 (5th Cir. 2014); *see also United States v. Powell*, 379 U.S. 48, 57-58 (1964) (holding that enforcement of administrative subpoenas requires a showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [agency's] possession, and that the administrative steps required by the [statute] have been followed").

"The Government bears the initial burden to show that the criteria have been met, although the burden to make a prima facie case is 'minimal.'" *Transocean*, 767 F.3d at 489 (internal citations omitted); *see also United States v. Tex. Heart Inst.*, 755 F.2d 469, 474 (5th Cir. 1985) ("That initial burden is a minimal burden, which may be met by a simple affidavit filed with the petition to enforce the summonses by the agent who issued the summonses."), *rev'd on other grounds*, *United States v. Barrrett*, 837 F.3d 1341 (5th Cir. 1988). "Once the Government has made a prima facie case, the burden of going forward shifts to the party opposing the subpoenas." *Transocean*, 767 F.3d at 489

(internal citations omitted).

### B. Administrative Subpoenas and the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 81 makes it clear that the "rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute." Fed. R. Civ. P. 81(a)(5). However, the district court has discretion to apply the Rules in a more flexible manner. *See Zugerese Trading LLC v. IRS*, 336 F. App'x 416, 419 (5th Cir. 2009) (citing *Donaldson v. United States*, 400 U.S. 517, 528 (1971)). Enforcement proceedings for an administrative subpoena are intended to be summary in nature. *Barrett*, 837 F.2d at 1349. District courts have the inherent power to limit the application of the Federal Rules in summary proceedings. *United States v. McCarthy*, 514 F.2d 368, 372 n.4 (5th Cir. 1975) (citing *Donaldson*, 400 U.S. at 534).

#### 1. Federal Rule 12(b)(6)

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### 2. Federal Rule 56

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds

could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### C.  Applicability of HIPAA

HIPAA applies to "covered entities." Covered entities include health plans, healthcare clearinghouses, and health care providers who conduct certain financial and administrative transactions electronically. 45 C.F.R. § 160.103. Section 164.512 permits covered entities to disclose protected health information to comply with a court order, grand jury subpoena, or administrative request, including an administrative subpoena or summons, so long as the information is relevant and material to a legitimate law enforcement inquiry, the request is specific and limited in scope, and de-identified information could not reasonably be used. *Id.* at § 164.512(f)(1)(ii). Furthermore, 45 C.F.R. § 164.528(a)(2) requires that covered entities temporarily suspend notice to any individual whose protected health information is disclosed under § 164.512(f) for the time specified in the court order or subpoena. *See* 45 C.F.R. § 164.528(a)(2)(i).

### D.  Texas Medical Practice Act

The Texas Medical Practice Act explicitly discusses confidential communications. "A record of the identity, diagnosis, evaluation, or treatment of a patient by a physician that is created or maintained by a physician is confidential and privileged and may not be disclosed except as provided." Tex. Occ. Code Ann. § 159.002(b) (West 2013). "An exception to the privilege of confidentiality . . . exists only with respect to the following: (1) a governmental agency, if the disclosure is required or authorized by law." *Id.* at § 159.004.

### E.  Federal Preemption

"[I]t is a fundamental principle of the Constitution . . . that Congress has the power to

preempt state law." *Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 336 (5th Cir. 2005). This preemptive power is derived from the Supremacy Clause of the United States Constitution, Article VI, Clause 2. *Hillsborough Cnty. Fla. v. Automated Med. Labs.*, 471 U.S. 707, 712 (1985). State law may be preempted under any one of three theories: (1) express preemption; (2) field preemption; or (3) conflict preemption. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005). For Congress to have expressly preempted state law, the federal statute must clearly state that its provisions preempt state law. For field preemption, Congress's intent to preempt state law in a particular area can be inferred when "federal regulation is sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation." *Hillsborough Cnty.*, 471 U.S. at 713 (internal quotation marks omitted). Finally, conflict preemption arises when "compliance with both federal and state regulations is a physical impossibility." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 204 (1983) (internal quotation marks omitted). It is unclear whether there is a presumption against preemption. *See Wyeth v. Levine*, 555 U.S. 555, 624 n.14 (2009).

  **F.** **The Fourth Amendment and Patient Medical Records**

  An administrative subpoena is consistent with the Fourth Amendment if "the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry." *Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 209 (1946). The Supreme Court has refused to require that an agency have probable cause to justify issuance of an administrative subpoena. *See Powell*, 379 U.S. at 57. Administrative agencies have the "power of inquisition . . . analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even

just because it wants assurance that it is not." *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950). Generally, "'no interest legitimately protected by the Fourth Amendment' is implicated by governmental investigating activities unless there is an intrusion into a zone of privacy, into 'the security a man relies upon when he places himself or his property within a constitutionally protected area.'" *United States v. Miller*, 425 U.S. 435, 441 (1976) (quoting *Hoffa v. United States*, 385 U.S. 293, 301-02 (1966)) (holding that bank records were not "private papers," but rather the business records of the banks, in which respondent had no possessory or ownership interest).

  **G.**  **Limitations on Administrative Subpoenas**

Based on the enforcement standard for administrative subpoenas, the documents requested must be relevant to the purpose of the investigation and the demand must be reasonable and not unduly broad or burdensome. *Viadero*, 123 F.3d at 329. For the purposes of administrative subpoenas, the notion of relevancy is a broad one, and so long as the material requested touches a matter under investigation, the subpoena will survive a challenge that it is not relevant. *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989). "[A] subpoena is not unreasonably burdensome unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business." *FTC v. Jim Walter Corp.*, 651 F.2d 251, 258 (5th Cir. 1981).

**III.**  **ANALYSIS**

The Court begins its analysis by determining whether the Subpoena is enforceable on its face and then analyzes each of Respondent's objections.

  **A.**  **Enforcement of the Subpoena**

Respondent's first objection asks the Court to clearly state the proper procedural standards

for the enforcement of the Subpoena. *See* Resp't's Objections 2-5, 7, ECF No. 39. The Court's role in determining whether to enforce an administrative subpoena is well-established law. As discussed above, the "[C]ourt's role is limited to evaluating (1) whether the subpoena was issued for a lawful purpose within the statutory authority of the issuing agency; (2) the documents requested are relevant to that purpose; and (3) the subpoena demand is reasonable and not unduly burdensome." *Viadero*, 123 F.3d at 329; *accord Transocean*, 767 F.3d at 488; *see also Powell*, 379 U.S. at 57-58. "The Government bears the initial burden to show that the criteria have been met, although the burden to make a prima facie case is 'minimal.' Once the Government has made a prima facie case, the burden of going forward shifts to the party opposing the subpoenas." *Transocean*, 767 F.3d at 489 (internal citations omitted).

Pursuant to Rule 81, the Court reviewed the Subpoena, the Petition to Enforce, and the Declaration of DEA Diversion Investigator Michelle Penfold. The Court finds that the Subpoena comports with the basic requirements for enforcement. *See* Pet'r's App. Supp. Pet. Enforce Ex. 2 (DEA Subpoena), ECF No. 3; Pet'r's App. Supp. Pet. Enforce Ex. 1 (Penfold Decl.), ECF No. 3; *Viadero*, 123 F.3d at 329. The CSA permits the DEA to investigate possible violations of the CSA and to do so by issuing administrative subpoenas. *See* 21 U.S.C. § 876(a); DEA Subpoena, ECF No. 3. Furthermore, on its face, the Subpoena appears to be reasonable and not unduly burdensome because it is limited in time and scope. *See id.* The Government has therefore met the criteria for Court enforcement of the Subpoena.

Due to the Court's limited role in reviewing administrative subpoenas for enforcement, the Court does not consider Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure to be applicable. However, even if Rule 12(b)(6) of the Federal Rules of Civil Procedure applies to the

Government's petition and the Subpoena, Respondent's Motion to Dismiss must be denied. Though the Court is not inclined to apply the Rule 12(b)(6) standard, the Court finds that the Government's petition and the DEA's Subpoena state enough facts to be plausible to meet the three criteria discussed in *Viadero* and *Transocean*. Accordingly, the Court finds that Respondent's Rule 12(b)(6) Motion to Dismiss must be **DENIED**.

The Court is even less inclined to apply the summary judgment standard under Rule 56 to the Government's Petition to Enforce. "Because subpoena enforcement proceedings are generally summary in nature and must be expedited, discovery is not usually permitted. Yet when the circumstances indicate that further information is necessary for the courts to discharge their duty, discovery may be available." *SEC v. Lavin*, 111 F.3d 921, 926 (D.C. Cir. 1997) (internal quotation marks and citations omitted). Accordingly, the Court finds that discovery is not merited in the instant action. Based on the three criteria discussed in *Viadero* and *Transocean*, there does not appear to be a genuine issue of material fact relating to the first two elements. As a matter of law, the Court has found that the subpoena was issued for a lawful purpose within the statutory authority of the DEA and the documents requested are relevant to that purpose. The only fact issue relates to whether the subpoena demand is reasonable and not unduly burdensome. Accordingly, the Court's analysis shifts to the remainder of Respondent's objections. *See Transocean*, 767 F.3d at 489. For the reasons discussed below, the Court finds that the Subpoena is reasonable and not unduly burdensome, so Respondent's Motion for Summary Judgment is also **DENIED**. *See infra* Part III.E.

    **B.**    **The Subpoena and HIPAA**

Respondent's objection regarding HIPAA indicated that it is unclear whether HIPAA applied, but that should not affect the outcome of the Court's decision. *See* Resp't's Objections 8, ECF No.

39. It is unclear whether Respondent is a "covered entity" under HIPAA, but regardless of his status, the outcome remains the same. If Respondent is *not* a covered entity under HIPAA, he is not subject to its confidentiality requirements and therefore must comply with the Subpoena. If Respondent *is* a covered entity under HIPAA, the Subpoena falls under the exception in 45 C.F.R. § 164.512(f)(1)(ii), and Respondent must comply with the Subpoena. Accordingly, the Court finds that Respondent's objection pertaining to HIPAA is **MOOT**.

  **C.**  **The Subpoena and Texas Law**

Respondent contends that the disclosure requirements of the Subpoena do not fall within the exemptions in Texas Occupations Code § 159.003, and therefore he is not authorized to disclose the requested patient medical records pursuant to Texas Occupations Code § 159.002(b). *See* Resp't's Objections 9-18, ECF No. 39. The Court agrees. However, the Government points to § 159.004, which excludes governmental agencies, if the disclosure is required or authorized by law, as the exception to Respondent's claim of privilege. *See* Pet'r's Resp.10-11, ECF No. 46. Because the Court has found that the Subpoena is enforceable on its face, it is subject to the exception in § 159.004. Due to this exception, the Court need not address whether the Texas law is preempted by HIPAA. However, even if the Subpoena did not fall within the exceptions in the Texas Occupations Code, the Magistrate Judge was correct in that it would trigger conflict preemption, and the Texas law would be preempted. *See Pac. Gas & Elec. Co.*, 461 U.S. at 204. Accordingly, Respondent's objection that he is prohibited from disclosing the patient records under Texas law is **OVERRULED**.

  **D.**  **The Subpoena and the Fourth Amendment**

Respondent argues that the Subpoena must comport with a heightened expectation of privacy

11

under the Fourth Amendment due to the nature of the records requested. Resp't's Objections 18, ECF No. 39. Requiring the disclosure of private medical information "to representatives of the State having responsibility for the health of the community, does not automatically amount to an impermissible invasion of privacy." *Whalen v. Roe*, 429 U.S. 589, 602 (1977). An administrative subpoena is consistent with the Fourth Amendment if "the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry." *Okla. Press Publ'g Co.*, 327 U.S. at 209. As discussed above, the Subpoena comports with the established enforcement standard. Here, the DEA's investigation is authorized under the CSA, and the documents requested directly relate to the DEA's investigation. Additionally, there is no requirement on the Government to establish probable cause in order to obtain the requested records. *See Powell*, 379 U.S. at 57.

Respondent directs the Court to *Ferguson v. City of Charleston*, 532 U.S. 67 (2001), for the proposition that medical records are protected. The *Ferguson* Court held that a hospital's use of the urine tests of pregnant patients to report cocaine use to police constituted unreasonable searches absent patient consent. *Id.* at 81-86. The situation here is different. In *Ferguson*, the hospital was not authorized by statute to investigate violations of the law. Here, the DEA is expressly instructed to investigate possible violations of the CSA, and Congress granted the DEA the administrative subpoena power as a tool to conduct those investigations. While Respondent points to the sensitive nature of medical records and the distinction between medical records and pharmaceutical records, the law indicates that the investigatory nature of administrative subpoenas still merits a relatively low standard of review. *See Okla. Press Publ'g Co.*, 327 U.S. at 209. Accordingly, the Court finds that the DEA's subpoena is consistent with the Fourth Amendment, and Respondent's objection

regarding the Fourth Amendment is **OVERRULED**.

### E. The Scope of the Subpoena

The Subpoena at issue seeks the production of 67 specific patient files for the period between October 1, 2012, and November 25, 2013. *See* DEA Subpoena, ECF No. 3. Respondent's final objection concerns the scope of the Subpoena. *See* Resp't's Objections 29, ECF No. 39. Specifically, Respondent argues that phrases such as "related to" and "pertaining to" are too indefinite, so the Subpoena is overly broad. *Id.* For the purposes of administrative subpoenas, the notion of relevancy is a broad one, and so long as the material requested touches a matter under investigation, the subpoena will survive a challenge that it is not relevant. *Sandsend Fin. Consultants, Ltd.*, 878 F.2d at 882. The Court finds that the Subpoena requests material that touches the matter under investigation, as it is sufficiently narrow in time and scope. Accordingly, Respondent's objection to the scope of the Subpoena is **OVERRULED**.

### IV. CONCLUSION

Based on the foregoing, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge as the findings of the Court. Respondent's Motion to Dismiss is **DENIED**, and Respondent's objections are **OVERRULED**. Accordingly, the Government's Petition to Enforce the DEA Subpoena is hereby **GRANTED**, and Respondent is **ORDERED** to comply with the DEA's Subpoena forthwith.

**SO ORDERED** on this **31st day** of **January, 2015**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE